UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAHIM MUHAMMAD,<br><br>    Plaintiff,<br><br>    v.<br><br>THOMAS A. FERRARA,<br><br>    Defendant. | No. 2:17-cv-1907 CKD P<br><br><br>ORDER |

Plaintiff, a pretrial detainee proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

I.     <u>Application to Proceed In Forma Pauperis</u>

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF No. 11. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

1

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II. Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur

R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

### III. Complaint

The complaint names Thomas Ferrara, the Solano County sheriff, as the sole defendant, and alleges that while plaintiff was in custody he was denied access to the courts and due process. (ECF No. 10 at 2-4.) Specifically, plaintiff alleges that he was denied access to the courts when he attempted to file an immigration petition but was denied copies, and that some of his mail from the immigration court was opened outside his presence while mail sent to the district court was returned to the court as undeliverable. (Id. at 3-4.) He further claims that his due process rights were violated when jail staff failed to respond to his grievances in the time required by policy. (Id. at 4.)

### IV. Failure to State a Claim

#### A. Supervisory Liability

There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 371, 376 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Additionally, "[t]here is no respondeat superior liability under section 1983." Taylor v List, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted). "A defendant may be held liable as a

supervisor under § 1983 'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)). A supervisor may be liable for the constitutional violations of his subordinates if he "knew of the violations and failed to act to prevent them." Taylor, 880 F.2d at 1045. Finally, supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotation marks omitted), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825 (1994).

Plaintiff has not alleged any facts that show Ferrara personally violated plaintiff's rights, failed to stop violations of which he was aware, or implemented a constitutionally deficient policy. It appears that defendant Ferrara was named solely on the basis of his position as sheriff. Since Ferrara's supervisory position alone is insufficient to create liability, this complaint must be dismissed with leave to amend.

B. Access to the Courts

Under the First and Fourteenth Amendments to the Constitution, state inmates have a "'fundamental constitutional right of access to the courts.'" Lewis v. Casey, 518 U.S. 343, 346 (1996) (quoting Bounds v. Smith, 430 U.S. 817 (1977)); Phillips v. Hust, 477 F.3d 1070, 1075 (9th Cir. 2007), overruled on other grounds by Hust v. Phillips, 555 U.S. 1150 (2009). As a pretrial detainee, restrictions on plaintiff's access to the courts must not amount to punishment. Simmons v. Sacramento Cty. Superior Court, 318 F.3d 1156, 1160 (9th Cir. 2003) (quoting Valdez v. Rosenbaum, 302 F.3d 1039, 1045-46 (9th Cir. 2002)).

In this case, plaintiff has not alleged that the single instances where he was denied copies, his mail was opened outside his presence, and mail was sent back to the court as undeliverable were punitive. Nor has he alleged facts from which the court can infer punitive intent.[1]

---

[1] With respect to the claim that the jail improperly returned mail to the court, the records in this (continued)

Accordingly, plaintiff has failed to state a claim for violation of his right to access the courts and the claim must be dismissed with leave to amend. Simmons, 318 F.3d at 1160-61 (dismissal for failure to state a claim proper where plaintiff failed to allege restriction on access to courts was punitive and punitive intent could not be inferred).

### C. Grievances

Prisoners do not have "a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). Accordingly, the prison grievance procedure does not confer any substantive constitutional rights upon inmates and actions in reviewing and denying inmate appeals generally do not serve as a basis for liability under section 1983. Id.; Grigsby v. Evans, 341 F. App'x 312, 313 (9th Cir. 2009) (citing Ramirez, 334 F.3d at 860) (district court properly dismissed due process claim based on failure to respond to administrative grievances). Plaintiff's claim that prison officials failed to respond to his grievance within the timeframe set by policy therefore does not state a cognizable claim for a violation of his due process rights and must be dismissed.

### V. Leave to Amend

If plaintiff chooses to file a first amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

---

case show that after plaintiff's mail was returned as undeliverable, his address was updated to reflect that he had been moved from the Claybank Detention Facility to the Justice Center Detention Facility, indicating that the address the court had for him at the time was in fact wrong.

5

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 929 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files a first amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VI. Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately.

The complaint is dismissed with leave to amend because the facts you have alleged are not enough to state a claim for relief. Your claims against defendant Ferrara do not state a claim because you have not explained what he did to violate your rights. The fact that he is the sheriff and a supervisor is not enough. You must give the court facts that show he either (1) violated your rights himself, (2) knew the people he was in charge of were violating your rights and did not stop them, or (3) made a policy that violated your rights. In order to state a claim for denial of access to the courts, you must allege facts that show the denial of access was meant as a punishment and not based on a valid purpose. The fact that an officer did not respond to your grievance in the time required by policy does not violate your right to due process.

If you choose to amend your complaint, the first amended complaint must include all of the claims you want to make because the court will not look at the claims or information in the original complaint. **Any claims not in the first amended complaint will not be considered.**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 11) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff

is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Sheriff of Solano County filed concurrently herewith.

3. Plaintiff's complaint is dismissed with leave to amend.

4. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Plaintiff must file an original and two copies of the amended complaint. Failure to file an amended complaint in accordance with this order will result in dismissal of this action.

5. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

Dated: November 6, 2018

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

13:muha1901.14.new